[No. B006265. Second Dist., Div. Seven. Oct. 21, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
RICKY DILLINGHAM, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and II.

**COUNSEL**

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Susanne C. Wylie and Donald J. Oeser, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THOMPSON, J.**—Defendant Ricky Dillingham was convicted, after a jury trial, of residential burglary (Pen. Code, § 459): In a bifurcated court trial, he was found to have suffered two prior serious felony convictions of residential burglary within the meaning of Penal Code[1] section 667, sub-

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

division (a). Defendant was sentenced to a total of 16 years. Defendant contends that the trial court prejudicially erred in (1) denying his motion for a pretrial lineup; (2) denying his motion to exclude the use of prior convictions for impeachment; and (3) imposing two 5-year enhancements for his prior 1975 and 1979 first degree burglary convictions.

I-II*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## III

### *Impeachment*

■ The information alleged that defendant had previously been convicted of first degree burglary in 1975, attempted burglary in 1977, and first degree burglary in 1979. Before trial commenced, defendant unsuccessfully moved, under *People* v. *Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1], and Evidence Code section 352, to exclude the use of the alleged priors for impeachment purposes. Defense counsel argued that they should not be admissible because they were for an identical offense, there was an issue of remoteness and, in any event, their prejudicial impact far outweighed any probative value. The court stated that it would "make a finding, namely, that if the court were using *Beagle,* the court would not permit any of these priors to be used to impeach, as the court would be bound by a number of decisions," including *People* v. *Rist* (1976) 16 Cal.3d 211 [127 Cal.Rptr. 457, 545 P.2d 833]. The court, however, expressly agreed with the People's position that it had no discretion to exclude the priors under section 352 because it was "totally clear" that Proposition 8 overruled *Beagle* and mandated their admission. The court ruled that the People could impeach defendant with all three prior convictions if defendant testified. Defendant did not testify.

In *People* v. *Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111], the California Supreme Court held that article I, section 28, subdivision (f), of the California Constitution authorizes the impeachment of a witness in a criminal trial by a prior felony conviction that necessarily involves moral turpitude, but it does not abrogate *Beagle* and the trial court retains its discretionary power under Evidence Code section 352 to exclude any such conviction when its probative value is outweighed by the risk of undue prejudice. (*People* v. *Collins* (1986) 42 Cal.3d 378, 381 [228 Cal.Rptr. 899, 722 P.2d 173].)

---

*See footnote, *ante,* page 688.

In *Collins, supra,* 42 Cal.3d 378, the court adopted a procedure for applying the *Castro* rule. Following that procedure, we first must "decide whether the prior [conviction is] (1) admissible or excludable in the trial court's discretion or (2) inadmissible as a matter of law." (*Id.* at p. 389.)

A conviction is inadmissible under *Castro* if it does not necessarily involve moral turpitude. (38 Cal.3d at p. 317; *Collins, supra,* 42 Cal.3d at p. 389.) The felony convictions of burglary and attempted burglary herein necessarily involve moral turpitude. "[W]hether or not the target felony itself evidences a moral defect, burglary remains in all cases the fundamentally deceitful act of entering a house or other listed structure with the secret intent to steal or commit another serious crime inside." (*Id.* at p. 395.) An attempt to do such a fundamentally deceitful act demonstrates the same "'readiness to do evil.'" (*Ibid.*) The act is no less turpid if it is not successfully completed. The elements of the crime are the same.

■ However, even prior convictions involving moral turpitude are also inadmissible as a matter of law in unusual cases in which an appellate court concludes on the *particular* facts before it that the trial court could have exercised its discretion only in favor of exclusion. (*Collins, supra,* 42 Cal.3d at p. 390.) The *Beagle* factors "remain relevant to any application of section 352 even after the adoption of section 28(f)." (*Collins, supra,* 42 Cal.3d at p. 391.) Moreover, "[o]nce a trial court has considered such of the four [*Beagle*] factors as may be shown by the evidence . . . nothing in *Beagle* prevents the court from also taking into account any other circumstances of the case that may be relevant to the issue." (*Id.* at p. 392.)

■ On the facts of this case, we conclude that this is not an unusual case requiring exclusion of any of the priors. There is no automatic limitation on the number of priors admissible for impeachment. Moreover, a series of crimes relevant to credibility is more probative than is a single such offense. Thus, whether or not more than one prior felony should be admitted is simply one of the factors which must be weighed against the danger of prejudice. (*People* v. *Holt* (1984) 37 Cal.3d 436, 452-453 [208 Cal.Rptr. 547, 690 P.2d 1209].) The "rigid, black letter rules of exclusion" (*Castro, supra,* 38 Cal.3d at p. 312) set forth in a line of cases beginning with *People* v. *Antick* (1975) 15 Cal.3d 79 [123 Cal.Rptr. 475, 539 P.2d 45], and including *People* v. *Rist, supra,* 16 Cal.3d 211, and *People* v. *Fries* (1979) 24 Cal.3d 222 [155 Cal.Rptr. 194, 594 P.2d 19], no longer apply. Thus, although convictions for the same crime should be used sparingly (*Beagle, supra,* 6 Cal.3d at p. 453), the fact that the three prior convictions were for the same offense—burglary—as the charged crime no longer compels their exclusion. (*People* v. *Stewart* (1985) 171 Cal.App.3d 59, 66 [215 Cal.Rptr. 716].) Nor can it be said as a matter of law that the 1975 conviction

is too remote; the 1977 and 1979 convictions demonstrate that defendant has not subsequently led "a legally blameless life." (*Beagle, supra,* 6 Cal.3d at p. 453.) The trial court, therefore, had broad discretion to admit or exclude the use of any or all of the prior convictions to impeach defendant.

■ The court, however, erred by denying defendant's motion without exercising its discretion. We are not persuaded by the People's claim that the court did in fact exercise its discretion. In *Collins,* our Supreme Court pointed out that "[i]n all cases in which the court denied the motion before the date of *Castro,* we may fairly presume that it deemed itself bound by the 'impeachment without limitation' language of section 28(f). That presumption will be dispelled only if the trial court made a clear statement on the record that it was denying the motion in the exercise of its discretion." (*Collins,* 42 Cal.3d at p. 389, fn. 9.) There was no such statement here. Indeed, the court twice pointed out that its ruling was based on its belief that Proposition 8 mandated admission of all priors for impeachment without limitation.

■ The California Supreme Court in *Collins* adopted the rule in *Luce* v. *United States* (1984) 469 U.S. 38 [83 L.Ed.2d 443, 105 S.Ct. 460], that the denial of a motion to exclude a prior conviction offered for impeachment is not reviewable on appeal if the defendant fails to testify. But that rule applies only prospectively. (*Collins, supra,* 42 Cal.3d at p. 383.) Thus, where, as here, there was *Castro* error and a defendant did not testify after the court denied the motion to exclude, we must "reverse the judgment and remand the cause to allow the trial court not only to exercise its discretion but also to determine prejudice in the first instance." (*Collins, supra,* at p. 393.) Upon remand the trial court should follow the procedure adopted by our California Supreme Court in *Collins* and set forth in part II(B), paragraphs 5 and 6 of that opinion. (*Id.* at pp. 393-395.)

IV

*Serious Felony Enhancements*

Defendant challenges the imposition of the two 5-year sentence enhancements for prior convictions of first degree burglary in 1975 and 1979. Defendant, relying on *People* v. *Jackson* (1985) 37 Cal.3d 826, 836 [210 Cal.Rptr. 623, 694 P.2d 736], claims that the trial court improperly went behind the judgments of conviction to find that the priors were residential burglaries and therefore serious felonies.

In a separate court trial, over defense objection, the trial court took judicial notice of documents in the superior court files of the 1975 and 1979 prior

burglary convictions and found them to be residential burglaries. Although the minute order of the 1975 conviction indicated only that defendant pled guilty to first degree burglary, the court also read and relied on both the information, which had charged a burglary of the residence occupied by Terri Davis while armed with a gun, and the transcript of the proceedings at the time of the guilty plea. In addition to taking notice of the 1979 judgment of conviction for first degree burglary, the court also looked at the information which charged first degree burglary of a residence and a jury verdict finding defendant guilty of burglary in the first degree.

"Section 667, enacted as part of Proposition 8 . . . provides for a five-year enhancement for any person convicted of a serious felony who previously has been convicted of a serious felony. Subdivision (d) of section 667 defines 'serious felony' by reference to section 1192.7, subdivision (c); that section lists 25 items including . . . 'burglary of a residence.' . . . . The problem in this and related cases is that 'burglary of a residence' is not a specific crime; depending upon the date and degree of the burglary, a conviction may not demonstrate that the defendant entered a residence. [Citations.]" (*People v. Alfaro* (1986) 42 Cal.3d 627, 631 [230 Cal.Rptr. 129, 724 P.2d 1154]; *People v. Calio* (1986) 42 Cal.3d 639, 644 fn. 2 [230 Cal.Rptr. 137, 724 P.2d 1162].)

Our Supreme Court addressed this problem in *Jackson, supra,* 37 Cal.3d 826. Although it upheld the imposition of the serious felony enhancement, because the defendant in the current proceedings in that case not only pled guilty to burglary of a residence but also further admitted a prior conviction for residential burglary, the *Jackson* court indicated there were strict limitations on proving a prior conviction.

The *Jackson* decision found relevant two principles from *People v. Crowson* (1983) 33 Cal.3d 623 [190 Cal.Rptr. 165, 660 P.2d 389]:[5] "(1) that proof of a prior conviction establishes only the minimum elements of the crime, even if the charging pleading contained additional, superfluous allegations; and (2) that the prosecution cannot go behind the record of the conviction and relitigate the circumstances of the offense to prove some fact which was not an element of the crime." (*Jackson, supra,* 37 Cal.3d at p. 834.) *Jackson* observed that "[w]ith respect to a . . . burglary conviction . . . which antedates Proposition 8, proof of the residential character of the burglary encounters obstacles. The record of a conviction for second degree burglary would not prove entry into a residence, even if

---

[5] *Crowson* involved the analogous enhancement statute of section 667.5 where the prior term can be used to enhance only if the offense includes all of the elements of the particular felony as defined under California law.

the pleadings included superfluous allegations to that effect. [Citation.] Moreover, the People could not go behind that record to prove a fact which was not then an element of the crime. [Citations.] [Fn. omitted.]" (*Jackson, supra,* at p. 836;[6] accord, *People v. Calio, supra,* 42 Cal.3d at p. 644; *People v. Thomas* (1986) 41 Cal.3d 837, 840 [226 Cal.Rptr. 107, 718 P.2d 94].)

In *People v. Alfaro, supra,* 42 Cal.3d 627, and *People v. Calio,* 42 Cal.3d 639, our Supreme Court expressly reaffirmed the *Jackson* language and rationale. "[I]n proving a prior conviction was a 'serious felony' for the purpose of the five-year enhancement under . . . sections 667 and 1192.7, proof [is] limited to matters necessarily established by the prior conviction. [Fn. omitted.]" (*Alfaro, supra,* 42 Cal.3d at p. 629.) "[T]he prosecution could not prove that a prior burglary conviction qualified as a serious felony . . . unless residential entry was an element of the offense." (*Calio, supra,* 42 Cal.3d at p. 641.) ■ These recent decisions confirm that "allegations in a prior information or conviction which do not form the basis for collateral estoppel cannot be used to prove that the defendant was convicted of a serious felony . . . ." (*Calio, supra,* 42 Cal.3d 639 at p. 645.)

■ In *Alfaro,* our Supreme Court delineated the parameters of the term "'record of the conviction'" as referring to "the judgment, and matters necessarily adjudicated therein." (42 Cal.3d at p. 636.) The *Alfaro* court rejected the People's contention that they should be permitted to submit "proof based on the record in the court file," including the information. (*Id.* at p. 635.) Instead, the court construed section 667, subdivision (a), to limit proof to matters established by collateral estoppel. (42 Cal.3d at p. 635.)

We therefore turn to the defendant's 1979 and 1975 convictions for first degree burglary. ■ Imposition of a five-year enhancement for defendant's prior 1979 first degree burglary conviction was proper. The prosecution did not have to go behind the judgment to prove that this prior conviction

---

[6]*Jackson* involved second degree burglary priors but its rationale is not limited to that degree of burglary or even to that particular offense. (See, e.g., *People v. Piper* (1986) 42 Cal.3d 471, 474-478 [229 Cal.Rptr. 125, 722 P.2d 899], where our Supreme Court, applying the *Jackson* rationale, reversed a five-year enhancement for a prior shooting at an occupied vehicle conviction because personal use of a firearm or of a dangerous deadly weapon (see § 1192.7, subds. (c)(23) and (c)(8)) was not a minimum, necessary or "least adjudicated" element of the prior offense).

The *Piper* court stressed that where "the question is whether *a prior conviction,* rather than *the current offense,* is a serious felony," "Jackson makes clear that—at least in the absence of a valid admission that the prior constitutes a serious felony for purposes of section 667—'proof of a prior conviction establishes only the minimum elements of the crime . . . and . . . the prosecution cannot go behind the record of the conviction . . . .'" (42 Cal.3d at p. 475.) (Italics in original.)

necessarily was for a "residential burglary" within the meaning of section 667. (§ 1192.7.)

In *People* v. *O'Bryan* (1985) 37 Cal.3d 841, 844 [210 Cal.Rptr. 450, 694 P.2d 135], our Supreme Court defined the term "burglary of a residence" in section 1192.7, subdivision (c)(18), to include "not only dwelling houses and trailer coaches" but also "'the inhabited portion of any other building.'" In *Alfaro,* the court further noted that "[u]nder that definition, it appears that entry into a residence became an element of first degree burglary either under the 1976 legislation (which referred to 'an inhabited dwelling house, trailer coach . . . or building'), or under the 1978 legislation (which replaced 'building' with 'the inhabited portion of any other building')." (*Alfaro, supra,* 42 Cal.3d at p. 631, fn. 3.) *O'Bryan* held that first degree burglary committed after the effective date of the 1978 legislation was as a matter of law a residential burglary. (37 Cal.3d at p. 845.)

The prior burglary herein however was committed before the enactment of the 1978 legislation and thus was governed by the 1976 legislation (which actually became effective July 1, 1977). Although *Alfaro* apparently left open the question whether residential entry was a minimum element of first degree burglary under the earlier legislation, the appellate court in *People* v. *Grover* (1986) 177 Cal.App.3d 1182, 1183-1187 [223 Cal.Rptr. 444], addressed that issue and concluded that all first degree burglaries as of July 1, 1977, are residential burglaries as a matter of law for enhancement purposes. As the *Grover* court pointed out: "[c]ase law had long before established that the word 'inhabited' in section 460 modified dwelling house, trailer coach, *and* building, even though the word did not appear after the conjunction 'or' in the earlier versions." (*Id.* at p. 1186.) ▉ We agree with *Grover* and similarly conclude that a "first degree burglary under the 1976 amendment to section 460 effective July 1, 1977, could only be as a matter of law the burglary of an inhabited building *or* inhabited portion of that building." (*Id.* at p. 1187.) Accordingly, the enhancement was proper.

▉ The enhancement for the 1975 prior burglary conviction, however, cannot be sustained. ▉ Entry into a residence was not an element of first degree burglary until the passage of the 1976 legislation. (See *Alfaro,* 42 Cal.3d at p. 631, fn. 3.) Section 460, in 1975, defined first degree burglary as any nighttime burglary of an inhabited building, or any armed burglary, or any burglary coupled with assault.[7] ▉ The minimum

---

[7]That section provided in pertinent part: "1. Every burglary of an inhabited dwelling-house, trailer coach as defined by the Vehicle Code, or building committed in the nighttime, and every burglary, whether in the daytime or nighttime, committed by a person armed with a deadly weapon, or who while in the commission of such burglary arms himself with a deadly weapon, or who while in the commission of such burglary assaults any person, is burglary of the first degree."

elements do not establish all the elements of any one of the subdivisions of section 1192.7. A person can be guilty of first degree burglary because of an alternative type of conduct, such as assaulting the victim or arming oneself, which would not qualify under any of the provisions for a serious felony.[8]

In finding the 1975 conviction to be a residential burglary, the trial court went behind the record to prove a fact which was not then a minimum element of the crime. The court relied on documents in the court file, including the information. But the allegation charging entry into the particular residence of Terri Davis was "superfluous" in the sense used in *Jackson, Crowson,* and *Alfaro.* It did not add to the elements of the crime, posed no issue which was necessarily adjudicated by the judgment, and thus was not the subject of collateral estoppel. (*Alfaro, supra,* 42 Cal.3d at p. 636.)

We recognize that "*Jackson* does not strictly limit proof to elements of the crime, but permits proof of any matter which was necessarily adjudicated by the judgment and which defendant had an incentive to contest." (*Alfaro, supra,* 42 Cal.3d at p. 636, fn. 7.) But here, "the prosecution had no need to prove, defendant no incentive to contest, and the trier of fact no duty to decide" the allegation of residency. (*Id.* at p. 635.) Defendant would have had no incentive to challenge the residential allegation herein which did not even allege that the burglary was committed in the nighttime. A residential burglary allegation in itself would make no difference and would not serve to elevate the burglary from second to first degree at the time the offense herein was committed. Nor did the prosecution need to prove the burglary occurred in a residence since the information herein specifically alleged that defendant was armed with a pistol when he committed the burglary. That allegation in itself, if proved or admitted, would make the burglary one of the first degree. It is therefore obvious that residential entry was not necessarily adjudicated in this case. Accordingly, following the reasoning of *Jackson* and *Alfaro,* "which limits proof to matters established by collateral estoppel," we conclude that there was not competent proof that defendant's 1975 conviction was for the serious felony of "'burglary of a residence.'" (*Id.* at p. 636.)

---

[8]Although personal use of a firearm does qualify under section 1192.7 for enhancement for a serious felony, merely being armed does not, nor does a simple assault.

There would, of course, be no problem in imposing the five-year enhancement for the 1975 first degree burglary conviction if defendant had admitted at the current trial that in 1975 he had suffered a prior residential burglary conviction (see *People* v. *Jackson, supra,* 37 Cal.3d at pp. 836-837; *People* v. *O'Bryan, supra,* 37 Cal.3d 844), or even just that he had suffered a prior serious felony conviction within the meaning of sections 667 and 1192.7 (see *People* v. *Thomas, supra,* 41 Cal.3d at pp. 842-843). Defendant, however, chose to put the prosecution to its proof.

## DISPOSITION

The judgment is reversed and the cause remanded for the superior court to exercise its discretion with respect to the admission of the priors for impeachment purposes and to determine prejudice in accordance with the procedure set forth in *People* v. *Collins, supra,* 42 Cal.3d at pp. 393-395. In the event the court reinstates the judgment, the court is instructed to strike the five-year enhancement for the 1975 prior conviction.

Lillie, P. J., and Johnson, J., concurred.