*736 Opinion
JOHNSON, J.
—The sole issue on appeal is whether, after Proposition 8, the trial court retains discretion to exclude evidence of a remote prior conviction offered to impeach the testimony of a witness in a criminal trial.[1]
We hold the trial court does retain such discretion. Because the trial court understandably, but erroneously, failed to exercise its discretion and because defendant did not testify, we reverse the judgment and remand the case to the trial court with directions to follow the procedures set forth in People v. Collins (1986) 42 Cal. 3d 378, 393-395 [228 Cal.Rptr. 899, 722 P.2d 173].
Facts and Proceedings Below
In 1983, defendant, Herbert Bums, was apprehended in the vicinity of an apartment break-in. Jewelry belonging to the owner of the apartment was found in Bums’s possession. Bums was convicted of one count of burglary after a jury trial.
Prior to commencement of trial, Bums moved to exclude any evidence of his 1963 robbery conviction for impeachment purposes should he choose to testify. Bums argued in judging the veracity of his testimony the probative value of a 20-year-old conviction was slight compared to its prejudicial effect on the jury. The prosecution countered with the argument the term “without limitation” means just what it says, and the People may impeach with any prior felony conviction regardless of its age. The trial judge mled that even after Proposition 8 the prior felony has to have some relation to credibility. If the conviction meets that test it must be allowed in, even though it is remote. The trial court found robbery has a strong bearing on credibility and, for that reason alone, mled Bums’s prior conviction admissible.[2]
Discussion
A. After Proposition 8, Remoteness Remains a Factor to Consider in Determining Whether to Admit Evidence of a Prior Felony Conviction
*737 In People v. Castro (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111] our Supreme Court concluded the term “without limitation,” in section 28, subdivision (f), did not abrogate the discretion conferred on the trial court under Evidence Code section 352 to exclude evidence of prior felony convictions when their probative value on credibility is outweighed by the risk of undue prejudice. (Id., at p. 306.) Section 28, subdivision (f) did change California law in two respects. It “restore[d] trial court discretion as visualized by the Evidence Code and ... rejected] the rigid, black letter rules of exclusion which [the Supreme Court] had grafted onto the code by the Antick line of decision.”[3] (Id., at p. 312.) Second, subject to Evidence Code section 352, “[it] authorizes the use of any felony conviction which necessarily involves moral turpitude, even if the immoral trait is one other than dishonesty.” (Id., at p. 306; and see pp. 313-316.)
As a result of section 28, subdivision (f), People v. Antick, supra, 15 Cal.3d 79, no longer compels the trial court to exclude evidence of a prior conviction relevant to credibility solely because of its remoteness in time. (15 Cal.3d at pp. 98-99.)
There is nothing in Castro, however, to indicate remoteness is no longer a factor to be considered by the trial court in exercising its discretion under Evidence Code section 352. Although remoteness was not an issue in Castro, the plurality opinion expressed strong doubt the framers of Proposition 8 intended the trial court to be powerless to prevent impeachment with ancient offenses. (See 38 Cal.3d at p. 309.) The opinion also notes Proposition 8 does not affect the trial court’s ability to exclude “marginally relevant” but prejudicial matter. (Id., at p. 306.) Indeed, if the trial court is to exercise discretion over the admissibility of crimes involving moral turpitude, remoteness of the conviction is an obvious subject of consideration. In one post -Castro case, People v. Almarez, (1985) 168 Cal.App.3d 262 [214 Cal.Rptr. 105], the conviction was reversed because the trial court erroneously ruled it had no discretion to exclude prior felony convictions. The opinion noted that had the trial court exercised discretion it might well have excluded defendant’s 13-year-old forgery conviction as too remote. (Id., at p. 268.)
In determining whether a prior conviction should be excluded because of its remoteness there are a number of factors the court may consider. These include:
*738 (1) The Length of Time That Has Elapsed Since the Conviction
There is no consensus among courts as to how remote a conviction must be before it is too remote. (See Annot., Right To Impeach Credibility Of Accused By Showing Prior Conviction, As Affected By Remoteness In Time Of Prior Offense (1975) 67 A.L.R.3d 824 at §§ 2-4.) In light of section 28, subdivision (f) as interpreted in Castro, there may be no conviction that is per se too remote to be used for impeachment. On the other hand, a conviction that is 20 years old, as in the case at bar, certainly meets any reasonable threshold test of remoteness.
(2) The Length of Sentence Served on the Prior Conviction
The fact the prior conviction occurred 26 years ago loses most of its impact if the defendant served a 25-year sentence and was arrested for the instant offense a year after his release. Here, defendant was sentenced on his robbery conviction in 1963 and paroled in 1969, 14 years before the offense alleged in this case.
(3) The Nature of the Conviction
Despite the fact that a conviction need only involve moral turpitude to be admissible, it is undeniable conviction of a crime involving dishonesty is more probative of veracity than, say, a crime of violence. (People v. Castro, supra, 38 Cal.3d at p. 315.) All else being equal, a 20-year-old conviction for battery would seem a stronger candidate for exclusion than a 20-year-old conviction for larceny. Defendant’s crime, robbery, bears on credibility. (See fn. 2, ante.)
(4) The Age of the Defendant at the Time the Previous Crime Was Committed
It would seem reasonable to consider the defendant’s age at the time the previous crime was committed. Again, while not determinative, a conviction for a crime committed 20 years ago when the defendant was a minor may be weighed less heavily than a crime committed 20 years later when the defendant was middle-aged. (See Annot., supra, 67 A.L.RJd at pp. 847-848, § 8.) The defendant in the case at bar was 29 years of age when he committed the robbery.
(5) The Defendant’s Conduct Subsequent to the Prior Conviction
A number of courts have considered the defendant’s subsequent conduct a relevant consideration when the defendant seeks to exclude a prior convic *739 tion on the basis of remoteness. (See, e.g., People v. Beagle (1972) 6 Cal.3d 441, 453 [99 Cal.Rptr. 313, 492 P.2d 1]; Gordon v. United States (D.C. Cir. 1967) 383 F.2d 936, 940-941.) Presumably, the. robbery conviction was defendant’s last felony conviction.
B. Because the Robbery Conviction Is Not Inadmissible as a Matter of Law the Case Must Be Remanded for a Determination of Admissibility and Prejudice
People v. Collins sets out a detailed procedure to be followed by the appellate and trial court when the trial court initially failed to exercise discretion over admitting or excluding the prior conviction.
First, we must decide whether this is a case in which the trial court may exercise discretion or whether the prior conviction is inadmissible as a matter of law. (42 Cal.3d at p. 389.) Robbery involves moral turpitude. (42 Cal.3d at p. 395.) This is not an “unusual case” requiring the exclusion of the conviction as a matter of law even though it involves moral turpitude. (42 Cal. 3d at p. 390.) As we noted above, this is a classic case for the exercise of trial court discretion under Evidence Code section 352. (Cf. People v. Dillingham (1986) 186 Cal.App.3d 688, 695-696 [231 Cal.Rptr. 20].) Therefore, the question of admissibility cannot be decided at the appellate level.
This case belongs to the category of cases in which the defendant (1) was charged with a crime committed after the effective date of Proposition 8; (2) was tried before the decision in Castro; and (3) did not testify after his motion to exclude the prior conviction was denied. The third factor—that the defendant did not testify—precludes a determination of prejudice at the appellate level because, “the appellate court does not know what the defendant’s testimony would have been, and hence has no way of assessing the probable effect of the error on the verdict.” (42 Cal.3d' at p. 393.) The Supreme Court has instructed us not to speculate on what the testimony might have been or the probable effect if it had been offered. Rather, “[I]n all such cases the court should reverse the judgment and remand the cause to allow the trial court not only to exercise its discretion but also to determine prejudice in the first instance.” (42 Cal.3d at p. 393.) The manner in which the trial court is to proceed is set forth in part II (B), paragraphs 4-6 of Collins, supra, 42 Cal.3d at pages 393-395.
Disposition
The judgment is reversed and the cause remanded for the superior court to exercise its discretion with respect to the admission of the prior conviction *740 for impeachment purposes and to determine prejudice in accordance with the procedure set forth in People v. Collins.
Thompson, J., concurred.
Lillie, P. J., concurred in the judgment only.

 Proposition 8, adopted by the People of California through the initiative process added section 28, subdivision (f) to article I of the state Constitution, providing: “Any prior felony conviction of any person in any criminal proceeding ... shall subsequently be used without limitation for purposes of impeachment... in any criminal proceeding____”

 Robbery is a crime involving moral turpitude. (People v. Collins, supra, 42 Cal.3d at p. 395.)

The cases the court was referring to are People v. Antick (1975) 15 Cal.3d 79 [123 Cal.Rptr. 475, 539 P.2d 43]; People v. Rist (1976) 16 Cal.3d 211 [127 Cal.Rptr. 457, 545 P.2d 833]; People v. Rollo (1977) 20 Cal.3d 109 [141 Cal.Rptr. 177, 569 P.2d 771]; People v. Woodward (1979) 23 Cal.3d 329 [152 Cal.Rptr. 536, 590 P.2d 391]; People v. Fries (1979) 24 Cal.3d 222 [155 Cal.Rptr. 194, 594 P.2d 19]; People v. Spearman (1979) 25 Cal.3d 107 [157 Cal.Rptr. 883, 599 P.2d 74]; and People v. Barrick (1982) 33 Cal.3d 115 [187 Cal.Rptr. 716, 654 P.2d 1243], (Id., at pp. 307-308.)