[Civ. No. 18926.   First Dist., Div. Two.   July 5, 1960.]

ROBERT LEE WATKINS, Respondent, v. REAL ESTATE COMMISSIONER OF THE STATE OF CALIFORNIA, Appellant.

Stanley Mosk, Attorney General, and Carl W. Wynkoop, Deputy Attorney General, for Appellant.

Holmdahl & Fletcher and Duane Peterson for Respondent.

DRAPER, J.—Is conviction of felony, without a showing that the felony involves moral turpitude, sufficient ground for revocation of the license of a real estate broker? That is the principal question presented by this case.

Respondent Watkins was convicted of three counts of violation of the Corporate Securities Act (Corp. Code, §§ 26104, subd. (d), 26104, subd. (f). One conviction was by jury verdict, and two by plea. Appellant Real Estate Commissioner then filed an accusation against Watkins, asserting nine grounds of disciplinary action. Only those based upon the three convictions, without assertion of moral turpitude, are here material. Records of the three judgments were presented to the hearing officer, without any evidence to indicate whether the crimes involved moral turpitude. That officer found against Watkins on each ground of the accusation, and recommended revocation of this license on each ground separately. The commissioner adopted this recommendation and ordered revocation. Watkins brought this proceeding in mandamus, and the trial court directed that the commissioner's order be vacated and the matter remanded for further administrative proceedings. The commissioner appeals.

Section 10177 of the Business and Professions Code provides:

"The commissioner may suspend or revoke the license of any real estate licensee who has done any of the following: . . .

"(b) Entered a plea of guilty or nolo contendere to, or been found guilty of, or been convicted of, a felony or a crime involving moral turpitude. . . ."

Violation of the Corporate Securities Act does not necessarily involve moral turpitude (*In re Hatch,* 10 Cal.2d 147 [73 P.2d 885]). Thus the issue is whether the phrase "involving moral turpitude" modifies only the words "a crime," or applies to the entire phrase "felony or a crime." Since the parties do not question that the crimes here are felonies, the only problem before us is whether guilt of any felony, irrespective of moral turpitude, is a ground for revoca-

tion of a real estate license. This precise question has not been determined, although analogous statutes have been construed.

"The conviction of a felony, or of any offense involving moral turpitude" was ground for revocation of the license of a doctor (Bus. & Prof. Code, § 2383, before 1957 amendment). Under that statute it was held that "the conviction of a felony, in and of itself, without any qualifications, constitutes unprofessional conduct" (*Furnish* v. *Board of Medical Examiners*, 149 Cal.App.2d 326, 330 [308 P.2d 924, 309 P.2d 493]).

On the other hand, the phrase "conviction of a felony or misdemeanor, involving moral turpitude" which is a ground for disbarment of an attorney (Bus. & Prof. Code, § 6101) has been held to require a showing of moral turpitude whether the conviction is of a felony or a misdemeanor (*In re Rothrock*, 16 Cal.2d 449 [106 P.2d 907, 131 A.L.R. 226]; *In re Hallinan*, 43 Cal.2d 243 [272 P.2d 768]). It should be noted, however, that a cognate section of the State Bar Act (Bus. & Prof. Code, § 6102), as it read when those cases were decided, related to suspension pending final judgment and referred only to "conviction of an attorney of a crime involving moral turpitude." As amended in 1955, section 6102 more strongly emphasizes the requirement of turpitude. This lends strength to the view that the Legislature intended any crime, whether felony or not, to be a ground for disbarment only if it involves moral turpitude.

We consider the language of the code section applicable to doctors more nearly comparable to the phraseology we are considering than the code provision concerning attorneys. This view is somewhat strengthened by the history of section 10177. As adopted in 1943, it provided for revocation of a real estate license if the licensee had "[b]een convicted of a felony" (Stats. 1943, ch. 127, p. 842). The 1949 amendment, in addition to a substantial recasting of the section, added the words "or a crime involving moral turpitude." Had the intention been to modify the word "felony," more apt language could have been chosen.

■■ A general rule of statutory construction is that "modifying phrases are to be applied to the words immediately preceding them and are not to be construed as extending to more remote phrases" (*City of Santa Barbara* v. *Maher*, 25 Cal.App.2d 325, 327 [77 P.2d 306], and cases there cited). Of course, this rule is subject to the exception that "When several words are followed by a clause which is applicable

as much to the first and other words as to the last, the natural construction of the language demands that the clause be applicable to all'' (*Porto Rico Ry. etc. Co.* v. *Mor,* 253 U.S. 345 [40 S.Ct. 516, 64 L.Ed. 944], as quoted in *Wholesale Tobacco Dealers Bureau* v. *National etc. Co.,* 11 Cal.2d 634, 659 [82 P.2d 3, 118 A.L.R. 486]). Here, however, the latter rule does not appear applicable. "Crime" is a general term, including misdemeanors as well as felonies (Pen. Code, § 16). ▪ If "involving moral turpitude" is held to modify "a felony" as well as "a crime," the word felony in section 10177, subdivision (b), becomes wholly redundant. ▪ A cardinal rule of construction is that every word in a statute is presumably intended to have some meaning and that a construction making some words surplusage is to be avoided (45 Cal. Jur.2d 627). ▪ In the light of this rule, as well as the statutory history of the section which made conviction of "a felony" ground for discipline for six years before the words "or a crime involving moral turpitude" were added, we conclude that guilt of a felony is ground for revocation, whether or not the felony involves moral turpitude.

Thus the revocation is justified on each of the three counts based upon respondent's guilt of felonies. The commissioner's order was based upon each of nine counts, separately and severally. Accordingly, it is unnecessary to consider the remaining charges, as those we have discussed fully support the order of revocation (*Nelson* v. *Department of Alcoholic Beverage Control,* 166 Cal.App.2d 783, 788 [333 P.2d 771]).

Judgment reversed.

Kaufman, P. J., and Stone, J. pro tem.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 1, 1960.

---

*Assigned by Chairman of Judicial Council.