[Crim. No. 24711. Oct. 2, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
VINCENT CALIO, Defendant and Appellant.

**COUNSEL**

James W. Haworth, under appointment by the Supreme Court, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Thomas A. Brady, Linda Ludlow and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROUSSARD, J.**—This is another in a series of cases involving the five-year serious felony enhancement of Penal Code sections 667 and 1192.7.[1] In *People* v. *Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736] (hereafter *Jackson*), we said that the prosecution could not prove that a prior burglary conviction qualified as a serious felony under sections 667 and 1192.7 unless residential entry was an element of the offense.[2] A defendant who admits that his prior burglary involved residential entry, however, is bound by that admission.

Defendant in the present case moved to strike allegations charging prior residential burglaries, arguing that under *People* v. *Crowson* (1983) 33 Cal.3d 623 [190 Cal.Rptr. 165, 660 P.2d 389], the prosecution could not prove something which was not an element of the crime—a contention we later endorsed in *Jackson*. After the trial judge denied the motion, defendant expressly reserved the issue for appeal, then admitted the serious felony allegations. The Court of Appeal held that, having properly raised and preserved the issue, defendant has standing to contend on appeal that the prosecution was barred from proving the serious felony allegations. Applying the analysis in *Jackson,* it upheld defendant's contention and reversed the section 667 enhancements. We affirm the conclusions of the Court of Appeal.

On September 12, 1983, Peter Prolo heard a sound at his sliding glass door. He opened the curtain and saw defendant. Prolo chased defendant into the street, then returned and called the police. There were scratches or pry marks on the door latch. Prolo identified defendant at the trial.

San Jose Police Officer Donald Titgens, responding to a burglary-in-progress call which included a description of the suspect, arrested defendant walking rapidly near the Prolo residence.

---

[1] All statutory citations are to the Penal Code.

[2] "Section 667, enacted as part of Proposition 8 on June 8, 1982, provides for a five-year enhancement for any person convicted of a serious felony who has been previously convicted of a serious felony. Subdivision (d) of section 667 defines 'serious felony' by reference to section 1192.7, subdivision (c); that section lists 25 items including . . . 'burglary of a residence.' . . . The problem in this and related cases is that 'burglary of a residence' is not a specific crime; depending upon the date and degree of the burglary, a conviction may not demonstrate that the defendant entered a residence. (See *Jackson,* pp. 830-831, fn. 2; *People* v. *O'Bryan* (1985) 37 Cal.3d 841, 844-845 [210 Cal.Rptr. 450, 694 P.2d 135].)" (*People* v. *Alfaro, ante,* pp. 627, 631 [230 Cal.Rptr. 129, 724 P.2d 1154].)

A neighbor, Sally O'Toole, testified that she saw a man attempt to open Prolo's garage, then disappear behind the house. A few minutes later she saw him run away. O'Toole also identified defendant.

Defendant was charged with attempted burglary. A second amended information charged seven prior convictions. Paragraph five alleged a prior conviction for "a serious felony . . . attempted residential burglary . . . on charges brought and tried separately, within the meaning of Sections 667 and 1192.7 of the Penal Code." Paragraph seven alleged a prior conviction for "residential burglary" in the same language. Paragraph four also alleged a conviction for attempted residential burglary, but did not assert that it was a serious felony, brought and tried separately. The other prior convictions involved offenses which do not constitute serious felonies.[3]

At commencement of trial, defense counsel moved to strike the serious felony allegations. Citing *People* v. *Crowson, supra,* 33 Cal.3d 623, counsel argued that the prior conviction did not possess all required elements of a serious felony because entry into a residence was not then an element of the crime. The district attorney pointed out that the information in the prior cases had alleged entry or attempted entry into a residence; defense counsel rejoined that any such allegation "under the rationale of the *Crowson* case, is surplusage." The trial judge, however, agreed with the argument of the district attorney and rejected the motion to strike.

Defense counsel reviewed the district attorney's documentation and satisfied himself that the priors were true. He then informed the trial judge that, "[a]t this point in time, Mr. Calio would admit his prior convictions for the purposes of trial, reserving, of course, any rights he has later on his appeal, rights based upon the motion that I made on the priors." The court replied, "Certainly."

When the judge questioned defendant concerning the admissions, defendant said he understood that he was admitting the prior convictions for purpose of trial only and could deny them later. The judge explained that the admission would affect the punishment as well as the trial, but that "[i]t wouldn't interfere with any rights you might have on appeal relative to the priors." Defense counsel interjected: "It doesn't have any effect as to rights you have on appeal as to the priors. . . . I made a motion that the priors should not be used to enhance. You understand that?" Defendant replied, "Yes." The court then accepted the admission of the two prior convictions as serious felonies.

---

[3]The information refers to the prior convictions by docket number. The probation report indicates the first prior attempted burglary occurred on March 4, 1980, and the prior burglary on December 10, 1980.

The jury found defendant guilty of attempted residential burglary. The court sentenced defendant to the middle term of two years on the principal count, plus an enhancement of ten years for the two prior serious felony convictions. The Court of Appeal affirmed the conviction, but reversed the serious felony enhancements.[4] We granted the People's petition for review.

■ We first examine defendant's standing to challenge the enhancements on appeal. Defense counsel before trial raised the question whether under *People* v. *Crowson, supra,* 33 Cal.3d 623, defendant's prior burglaries constituted serious felonies since residential entry was not an element established by those convictions. When the trial court denied the defense motion, defendant, on advice of counsel, admitted the prior convictions in order to avoid having those convictions proved to the jury. Even without an express reservation of the right to appeal, defendant's admissions would not be binding if induced by judicial error: "An attorney who submits to the authority of an erroneous, adverse ruling after making appropriate objections or motions, does not waive the error in the ruling by proceeding in accordance therewith and endeavoring to make the best of a bad situation for which he was not responsible." (*Leibman* v. *Curtis* (1955) 138 Cal.App.2d 222, 225 [291 P.2d 542].)

In this case when defendant admitted the prior convictions he was expressly reassured by the court and by his counsel, in the presence of the court, that he could still raise the *Crowson* issue on appeal. The Attorney General now argues that defendant's admissions were part of a bargain in which three other prior convictions potentially available to impeach defendant's testimony were dismissed;[5] he claims that defendant, having received the benefit of the bargain, should not now be able to challenge the

---

[4]Defendant's brief in the Court of Appeal attacked the current conviction for attempted burglary. Defendant did not petition for review, or request the court to consider issues in addition to those raised in the People's petition. (See Cal. Rules of Court, rule 28(e)(5).) Briefs on the merits in this court discuss only the enhancements.

Rule 28(e)(2) provides that "[o]nly the issues set forth in the petition and answer or fairly included in them need be considered by the court." The Advisory Committee comment to this rule states that "[t]he statement of issues . . . defines the scope of the issues to be considered on the merits if review is granted, unless the Supreme Court determines otherwise." As we have made no order expanding the issues beyond those asserted in the petition for review, our opinion does not discuss issues raised below concerning defendant's current conviction.

[5]The district attorney struck two prior convictions for grand theft, and one conviction for attempted residential burglary which was not based on charges brought and tried separately and this could not be used as a basis for a serious felony enhancement. He retained for the purpose of impeachment a prior conviction for credit card forgery, a prior conviction for possession of stolen property, and the burglary and attempted burglary convictions which form the basis for the enhancements.

admissions. We are doubtful whether there was a bargain.[6] Certainly defendant received little benefit, with four convictions remaining for impeachment and two for serious felony enhancements. But bargain or not, it is clear that defendant's admission of the prior residential burglaries was made on the express assurance that he could raise the *Crowson* issue on appeal. The district attorney raised no objection to those assurances. We can only conclude that if there was a bargain, its terms did not preclude the defendant's appeal.

■ We therefore turn to the question whether defendant's prior convictions for burglary and attempted burglary could be used as the basis for an enhancement under sections 667 and 1192.7. Both prior convictions antedate the effective date of section 667. Both involved second degree burglary, which does not require entry into a residence. The Attorney General, however, points out that in both cases the information alleged a residential entry or attempted entry; the trial court relied on those allegations when it rejected counsel's motion to strike. Under our analysis in *Jackson,* however, such allegations are insufficient to prove an entry or attempted entry which is not an element of the crime.

Our decision in *Jackson* distilled two principles from its review of *Crowson* and prior cases: "(1) that proof of a prior conviction establishes only the minimum elements of the crime, even if the charging pleading contained additional, superfluous allegations; and (2) that the prosecution cannot go behind the record of the conviction and relitigate the circumstances of the offense to prove some fact which was not an element of the crime." (*Jackson,* p. 834.) *Jackson* went on to say that "[w]ith respect to a . . . burglary conviction . . . which antedates Proposition 8, proof of the residential character of the burglary encounters obstacles. The record of a conviction for second degree burglary would not prove entry into a residence, even if the pleadings included superfluous allegations to that effect. [Citing *Crowson.*] Moreover, the People could not go behind that record to prove a fact which was not then an element of the crime. [Citations.] A contrary holding,

---

[6]Under our decision in *People* v. *Thomas* (1986) 41 Cal.3d 837 [226 Cal.Rptr. 107, 718 P.2d 94], the absence of a plea bargain would not invalidate defendant's admissions. As we there explained, "[a] defendant may admit an enhancement for a variety of reasons: as part of a plea bargain . . .; to obtain a perceived tactical advantage . . .; because he believes it futile to contest the prosecution's proof; or simply because he honestly knows the allegations to be true. We know of no cases which hold that an admission induced by a plea bargain is any more effective to prove a contested allegation than admissions induced by some other motive. To the contrary, when the sufficiency of an admission of a prior conviction is called into question, the only issue is whether the admission was voluntary, made by a defendant who has been informed of his constitutional rights and of the consequences of the admission. (See *In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561].) An admission which meets those standards is binding whether or not defendant obtained an adequate consideration in return for the admission." (41 Cal.3d 837 at pp. 844-845.)

permitting the People to litigate the circumstances of a crime committed years in the past, would raise serious problems akin to double jeopardy and denial of speedy trial." (*Jackson,* p. 836; accord, *People* v. *Thomas, supra,* 41 Cal.3d 837, 840.)

The Attorney General attacks the *Jackson* analysis on various grounds. We recently considered each of these arguments, and rejected them, in *People* v. *Alfaro, supra, ante,* page 627. Our decision in *Alfaro* reaffirms the language of *Jackson,* and confirms that allegations in a prior information or conviction which do not form the basis for collateral estoppel cannot be used to prove that the defendant was convicted of a serious felony within the meaning of sections 667 and 1192.7. We therefore conclude that the prosecution failed to prove that defendant had been convicted of two prior serious felonies, and that the five-year enhancements imposed on that basis are invalid.

The judgment of the Court of Appeal is affirmed.

Bird, C. J., Reynoso, J., and Grodin, J., concurred.

**MOSK, J.**—I dissent.

The amended information alleged that defendant had been formerly convicted of "residential burglary" and "attempted residential burglary," within the meaning of sections 667 and 1192.7 of the Penal Code. The underlying documentary support for defendant's prior guilty pleas also alleged "residential" burglary. Defendant was extensively voir dired by the court and, as to each admitted prior, the term "residential" was explicitly used.

At this late date defendant appears to be insisting he had his fingers crossed when he admitted that residences were involved in his prior crimes. We should not condone that type of gamesmanship.

I would reverse the Court of Appeal judgment for the reasons stated in my concurring and dissenting opinion in *People* v. *Alfaro* (1986) *ante,* pages 627, 637 [230 Cal.Rptr. 129, 724 P.2d 1154].

Lucas, J., and Panelli, J., concurred.